UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RECOVERY FINANCE LIMITED<br><br>Plaintiff<br><br>v.<br><br>TITAN DEVELOPMENT GROUP, LLC<br><br>Defendants | CIVIL NO.: _____<br><br><br>RE: COLLECTION OF MONIES, BREACH OF CONTRACT |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Recovery Finance Limited ("Recovery" or "Plaintiff"), represented by the undersigned attorneys, and very respectfully states, alleges and requests:

### I.  NATURE OF THE ACTION

Defendant, Titan Development Group LLC ("Titan" or "Defendant"), owes Recovery the amount of $706,991.83, for outstanding principal and interest of at least six issued loans, pursuant to the terms and conditions of a March 2021 and April 2021 *Loan Agreements*, as amended, and the March 2021 and April 2021 *Pledge and Security Agreements* (jointly "the *Agreements*") entered by and between the parties on March 8, 2021 and April 1, 2021, respectively. Through this action, Recovery seeks to collect from Titan all amounts which were due and payable under the aforementioned *Agreements*, plus interest accrued to date.

### II.  THE PARTIES

1. Recovery is an exempted company incorporated with limited liability under the laws of the Cayman Islands, engaged in the business of financing and lending, with its principal

place of business located on Cayman Corporate Center, 27 Hospital Road, George Town, Grand Cayman KY1-90008. None of Recovery's members are citizens of the United States, or of Puerto Rico.

2. Defendant Titan is a corporation organized under the laws of the Commonwealth of Puerto Rico, with registration number 454184 in the Registry of Corporations, engaged in the business of providing construction, construction management and subcontracting services in Puerto Rico, with its principal office located at 37 Ocean Blue Lane, Dorado P.R., 00646. Titan's president and resident agent is Daniel Vázquez Vázquez. Upon information and belief, all members of Titan are citizens of the Commonwealth of Puerto Rico.

### III.   JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

4. Venue is proper in this Court under U.S.C § 1391(b)(2) because the Defendant maintains offices in this District and the transactions that give rise to this collection of monies claim all took place in Puerto Rico, as they arose in the context of the *Agreements* between the parties.

### IV.   THE FACTS

5. On March 8, 2021, Recovery and Titan entered into a *Loan Agreement* ("*March 2021 Loan Agreement*"), wherein Recovery extended credit to Titan in the form of senior secured revolving loans for operational purposes related to certain works to be performed in favor of the Department of Housing of Puerto Rico, by it and through a subcontractor named Rebuilders PR,

2

LLC ("Rebuilders"). See Exhibit 1 (Loan Agreement), Exhibit 2 (Fully Executed Borrower Officer Certificate) and Exhibit 3 (Summary of Terms and Conditions Sheet). Notably, the *March 2021 Loan Agreement* included a Mobilization Loan in the principal amount of seventy-five thousand dollars ($75,000.00) ("Mobilization Loan 1"). See Exhibit 1, at 2.

6. Under the *March 2021 Loan Agreement*, Titan was obliged to repay the loans issued in its favor, together with interest and other amounts owing in respect thereof, no later than six months after the funding thereof of each loan. See Id., at 6 (definition of "Maturity Date").

7. On March 8, 2021, the parties also signed a *Pledge and Security Agreement* ("*March 2021 Pledge and Security Agreement*") to guarantee the repayment of the loans issued under the *March 2021 Loan Agreement*. See Exhibit 4 (*March 2021 Pledge and Security Agreement*), Exhibit 5 (Fully Executed Notice of Assignment and Acknowledgment),[1] Exhibit 6 (Pledge Supplement).

8. Under said *March 2021 Pledge and Security Agreement*, Titan agreed to grant Recovery a security interest and continuing lien on all its rights, titles, and interest in, to and under certain property of Titan, such as, but not limited to, all assigned agreements, all receivables and receivable records, all collateral records, supporting obligations, and all proceeds, accessions, rents, and profits in respect to the foregoing. See Exhibit 4, at 3; see also Exhibit 6.

9. As set forth in both the *March 2021 Loan Agreement* and the *March 2021 Pledge and Security Agreement*, Recovery, in the event of default, would be able to exert upon Titan any and all rights available under the law, including but not limited to those under the UCC, to enter onto the collateralized property of Titan in order to take possession of it, dispose of it in exchange

---

[1] The *Notice of Assignment and Acknowledgment* was signed by all parties including Rebuilders on March 8, 2024, by which all parties agreed that Titan had entered into the *March 2021 Loan Agreement* and the *March 2021 Pledge and Security Agreement* with Recovery and that all payments by Rebuilders would need to be made directly to Recovery for the operational loans to be issued. See Exhibit 5.

3

for cash, credit and future delivery in an attempt to satisfy any outstanding debt related to the *Loan Agreement*. See Exhibit 1, at 23; Exhibit 4, at 8-9.

10. On April 1, 2021, Recovery and Titan entered into another *Loan Agreement* ("*April 2021 Loan Agreement*"), wherein Recovery extended credit to Titan in the form of senior secured revolving loans for operational purposes related to certain works to be performed in favor of the Department of Housing of Puerto Rico, by and through a subcontractor named Thompson Construction Group, Inc. ("Thompson"). See Exhibit 7 (*April 2021 Loan Agreement*).

11. Under the *April 2021 Loan Agreement*, Titan was obliged to repay the loans issued in its favor, together with interest and other amounts owing in respect thereof, no later than six months after the funding thereof of each loan. See Id., at 6 (definition of "Maturity Date").

12. On April 1, 2021, the parties also signed another *Pledge and Security Agreement* ("*April 2021 Pledge Agreement*") to guarantee the repayment of the loans issued under the *April 2021 Loan Agreement* and a *Deposit Account Control and Pledge and Assignment of Deposit Accounts Agreement* ("*Deposit Account Control Agreement*"). See Exhibit 8 (*April 2021 Pledge and Security Agreement*); Exhibit 9 (*Deposit Account Control Agreement*); Exhibit 10 (Pledge Supplement) and Exhibit 11 (Fully Executed Borrower Officer's Certificate).

13. Similar to the *March 2021 Pledge and Security Agreement*, under the *April 2021 Pledge and Security Agreement* and under the *Deposit Account Control Agreement*, Titan agreed to grant Recovery a security interest and continuing lien on all its rights, titles, and interest in, to and under certain property of Titan, such as, but not limited to, all assigned agreements, all receivables and receivable records, all collateral records, supporting obligations, and all proceeds, accessions, rents, and profits in respect to the foregoing. See Exhibit 8, at 3; see also Exhibit 9, at 2.

14. Likewise, just as in the *March 2021 Loan Agreement* and the *March 2021 Pledge and Security Agreement*, in the *April 2021 Loan Agreement* and the *April 2021 Pledge and Security Agreement,* in the event of default, Recovery would be able to exert upon Titan any and all rights available under the law, including but not limited to those under the UCC, to enter onto the collateralized property of Titan in order to take possession of it, dispose of it in exchange for cash, credit and future delivery in an attempt to satisfy any outstanding debt related to the *April 2021 Loan Agreement*. See Exhibit 7, at 24; Exhibit 8, at 8-9.

15. On August 11, 2021, the parties also signed a *First Amendment to Loan Agreement* ("*First Amendment*," and together with the *March 2021 Loan Agreement* and the *April 2021 Loan Agreement*, "*the Loan Agreements*"), thereby amending the *April 2021 Loan Agreement* to provide the borrower, *i.e.* Titan, with a mobilization loan in the principal amount of two hundred twenty-five thousand dollars ($225,000.00) ("Mobilization Loan 2"). See Exhibit 12. This amount was intended to be used by Titan for the mobilization of materials, equipment and labor in preparation for it performing the assigned work. Id., at 2. The loan is in connection with a letter dated July 28, 2021, pursuant to which Thompson stated its intention of assigning to Titan no less than twenty-five (25) reconstructions during the calendar year of 2022. Id., at 1; see also Exhibit 13 (July 28, 2021 letter); Exhibit 14 (Fully Executed Borrower Officer's Certificate to *First Amendment*).

16. The *First Amendment* included a provision stating that any default by Titan of any representation, warranty, covenant or agreement made therein shall be considered an event of default under the *April 2021 Loan Agreement*. See Exhibit 12, at 5.

17. As evidenced above, Titan initially was onboarded under their contract with Rebuilders, whereupon they procured Mobilization Loan 1 pursuant to the *March 2021 Loan Agreement*. See Exhibit 1. The Rebuilders work never came to fruition while Thompson then

5

contracted Titan and provided steady projects, of which Recovery onboarded and funded, pursuant to the *April 2021 Loan Agreement*. See Exhibit 7. Riding the success of the Thompson contract, Titan then requested, pursuant to the *First Amendment*, Mobilization Loan 2 to enable them to accept more projects. See Exhibit 12. For unknown reasons, the Thompson projects dwindled, and certain remaining invoices and Mobilization Loan 2 were not repaid to Recovery.

18. As of today, at least six issued loans remain outstanding and have been invoiced to Titan monthly for prompt repayment. Titan is obliged to repay them without further delay as the maturity date and term to pay such loans has long elapsed.

19. On March 11, 2024, Recovery sent a February 2024 Loan Statement showing the principal and interest amounts for all six loans procured to date and instructing Titan to wire the funds to the address mentioned therein. See Exhibit 15 (March 11, 2024 e-mail containing the Loan Statement).

20. On August 2, 2024, Recovery sent a letter to Titan, via its counsel, reiterating the six unpaid loans, instructing Titan where it should remit payment of the same and notifying that failure to remit the total payment in full, would be cause for Recovery to exert all its available rights under the *March 2021 Pledge Agreement* to secure its credit. See Exhibit 16 (August 2, 2024 letter).

21. Although Recovery received a returned signed certified mail receipt, Titan did not answer the letter. See Exhibit 17 (Signed Certified Mail Receipt).

22. As recently as October 4, 2024, Recovery sent a copy of the Balances Report to Titan. See Exhibit 18 (E-mail including the Open Balances as of September 30, 2024). However, repayment of the principal, as well as the applicable interest identified in the *March 2021 Loan Agreement* and in the *April 2021 Loan Agreement*, as amended, remain outstanding.

23. As a result, the following loans remain outstanding:

| INVOICE NUMBER | LOAN DATE | OUTSTANDING PRINCIPAL | OUTSTANDING INTEREST | OUTSTANDING TOTAL |
|---|---|---|---|---|
| PR-R3-08092-D | 7/9/2021 | $ 25,684.79 | $ 28,689.17 | $ 54,373.96 |
| PR-R3-05016-C | 7/16/2021 | $ 35,012.34 | $ 41,657.95 | $ 76,670.29 |
| PR-R3-00803-D | 7/23/2021 | $ 14,966.89 | $ 17,704.38 | $ 32,671.27 |
| PR-R3-05016-D | 7/23/2021 | $ 9,265.81 | $ 10,960.55 | $ 20,226.36 |
| PR-R3-08092-E | 7/30/2021 | $ 16,800.00 | $ 19,759.80 | $ 36,556.80 |
| MOBILIZATION LOAN 2 | 8/13/2021 | $ 225,000.00 | $ 261,493.15 | $ 486,493.15 |
| TOTAL STATEMENT PERIOD LOANS: | | $ 326,729.83 | $ 380,262.00 | $ 706,991.83 |

24. Several additional communications have been sent between Recovery's representatives and Titan's, only for the latter to continue to avoid its repayment obligations. See Exhibit 19 (November 7, 2024 e-mail containing the October Open Balances) and Exhibit 20 (December 9, 2024 e-mail containing the November Open Balances).

25. Titan has completely failed to satisfy its debt to Recovery. The past due principal amount to date totals **$326,729.83**, plus all applicable interest amounting to **$380,262.00,** an even higher amount than the principal itself and which is still accruing to date, excluding applicable legal interest, costs and attorneys' fees.

26. Therefore, upon Titan's failure to satisfy its debt, Recovery is entitled to file this legal action and request judgment against Titan for all amounts due under the *Agreements* and the Balances Reports issued by Recovery as part thereof, plus all additional damages, interest accrued on all amounts owed, costs, and attorneys' fees.

27. All efforts to compel payment from Titan thus far have been unsuccessful. Consequently, all amounts due to Recovery by Titan are due, liquid, and payable at this time.

## V.     CLAIM FOR RELIEF

A.  **CAUSE OF ACTION: BREACH OF CONTRACT AND COLLECTION OF MONIES**

28.     Recovery incorporates by reference the allegations in the preceding paragraphs 1 through 27, as fully set forth herein.

29.     Pursuant to Article 1063 of the Civil Code of 2020, P.R. Laws Ann., tit. 31 § 8984 (2020), and under the *Loan Agreements*, Titan expressly agreed to repay the loans issued in its favor, together with interest and other applicable fees. Article 1255 further provides that due to Titan's breach of agreement between the parties, Recovery is entitled to demand that Titan fulfill its obligations under the *Loan Agreements* and balances reports. See P.R. Laws. Ann., tit. § 9823 (2020). Therefore, Recovery is entitled to recover from Titan the amount of **$706,991.83**, which is due, liquid and payable.

30.     Consequently, Recovery is also entitled to recover from Titan the legal interest accrued from the principal amount of **$326,729.83** through the date of payment, pursuant to Article 1169 of the Civil Code of 2020, P.R. Laws Ann., tit. 31 § 9333 (2020).

31.     Wherefore, Recovery requests this Honorable Court to enter judgment against Titan in the amount of **$706,991.83**, along with any additional legal interest accrued through the date of payment.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Recovery very respectfully requests the entry of judgment in its favor and against Titan, as follows:

(a)     Ordering the payment in the amount of **$706,991.83**, along with any additional legal interest accrued through the date of payment;

(b)     Award all costs of litigation and reasonable attorneys' fees;

(c)     Grant Recovery such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 28th day of January, 2025.

**McCONNELL VALDÉS LLC**
Attorneys for Recovery Finance Limited
270 Muñoz Rivera Ave.
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Tel. (787) 250-5810
Fax. (787) 759-8282

*s/Antonio A. Arias-Larcada*
Antonio A. Arias-Larcada
USDC-PR No. 204,906
aaa@mcvpr.com

s/ *Lourdes A. Robles-Torres*
Lourdes A. Robles-Torres
USDC-PR No. 302,602
lar@mcvpr.com

s/ *Victoria M. Rivera Llorens*
Victoria M. Rivera Llorens
USDC-PR No. 307,808
vrll@mcvpr.com

9